UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
GERALDO MENA,                                     :
               Plaintiff,               :
                                         :
v.                                                :    **OPINION AND ORDER**
                                         :
COMMISSION HEARING OFFICER                        :    19 CV 3882 (VB)
GUTWEIN, SERGEANT F. ORTEGA, and                  :
MARYANN HOLLAND,                                  :
               Defendants.              :
--------------------------------------------------------------x

Briccetti, J.:

    Plaintiff Geraldo Mena, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983 against Commission Hearing Officer Gutwein, Sergeant ("Sgt.") F. Ortega, and Tier Hearing Assistant MaryAnn Holland.[1] Plaintiff alleges he was denied his Fourteenth Amendment right to procedural due process during a prison disciplinary hearing.

    Now pending is defendants' motion to dismiss pursuant to Rule 12(b)(6). (Doc. #19).

    For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

    The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences in plaintiff's favor, as summarized below. Because plaintiff is proceeding pro se, the Court also considers

---

[1] Plaintiff originally sued Holland as "Tier Hearing Assistant Correction Counselor Jane Doe." (Doc. #2 ("Compl.")). By letter dated July 19, 2019, pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997), the New York State Attorney General ("AG") identified defendant "Jane Doe" as Department of Corrections and Community Supervision employee, MaryAnn Holland. (See Doc. #12).

1

allegations made for the first time in plaintiff's opposition to the motion to dismiss.  See Vlad-Berindan v. MTA N.Y.C. Transit, 2014 WL 6982929, at *6 (S.D.N.Y. Dec. 10, 2014).[2]

Plaintiff alleges that on August 29, 2018, while housed at Sing Sing Correctional Facility ("Sing Sing") in Ossining, New York, he was falsely accused of assaulting non-party Correction Officer ("C.O.") H. Algarin.  Later that day, Sgt. Ortega allegedly filed a false misbehavior report against plaintiff, charging him with assaulting staff, violent conduct, "interference with employee," and "weapon."  (Compl. ¶ 1).  According to plaintiff, that day, plaintiff was placed in the Special Housing Unit ("SHU").

Prior to the September 6, 2018, disciplinary hearing on these charges, plaintiff and his hearing assistant, Holland, met.[3]  Plaintiff claims he provided Holland with an itemized list of documents he needed to prepare his defense, as well as a list of inmate and staff witnesses he wanted Holland to interview and ask whether they would testify at plaintiff's hearing.  According to plaintiff, Holland told plaintiff he would get the requested documentary evidence at the hearing from the hearing officer.

Plaintiff further alleges that of the requested documentary evidence, Holland provided him with the "chapter 5 directive," inmate rulebook, and SHU sentencing guidelines.  (Compl. ¶ 4).  However, plaintiff says he never received the following documentary evidence:  the "to and from memorandum," the unusual incident report, photos of the incident, any other written statements about the incident, injury reports of people involved, list of any outside charges

---

[2]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

[3]     Plaintiff alleges, and the AG confirmed, that Holland was employed at Green Haven Correctional Facility ("Green Haven") in Stormville, New York.  (See Doc. #12).  It is not clear from the face of the complaint whether the disciplinary hearing took place at Green Haven, or whether Holland also worked at Sing Sing.

pending against plaintiff, the misbehavior report, and copies of all the grievances plaintiff filed at Sing Sing.  (Compl. ¶ 3–4).

Plaintiff also alleges Holland did not interview the individuals he wanted to call as witnesses at the hearing.

Plaintiff claims that at the disciplinary hearing he told Gutwein that Holland did not adequately assist him because she failed to provide the requested documentary evidence, and she did not interview the individuals identified as potential witnesses.  According to plaintiff, he requested a new assistant, but his request was denied.  Moreover, plaintiff alleges that contrary to what Holland told him, Gutwein did not provide him with the requested documentary evidence at the hearing.  Plaintiff also alleges Gutwein failed to call certain witnesses who would have testified plaintiff did not assault C.O. Algarin.

Plaintiff alleges that at the hearing, C.O. Algarin testified he did not see who cut him.  In his opposition to the motion to dismiss, however, plaintiff states C.O. "Algarin testified on the record that the Plaintiff had no involvement in the altercation."  (Doc. #22 at ECF 2).  According to plaintiff, C.O. Algarin's testimony means C.O. Algarin never told Sgt. Ortega that plaintiff assaulted him, the misbehavior report was falsified, and plaintiff should not have been found guilty of the charges.

Plaintiff alleges that on November 20, 2018, he received a hearing disposition of 730 days in SHU and 730 days loss of commissary, packages, and phones, as well as twenty-four months' loss of good time credit.  He further alleges that on November 27, 2018, he submitted an administrative appeal to the SHU director, noting the procedural due process violations that allegedly occurred at the September 6 hearing.  On February 6, 2019, plaintiff alleges his hearing disposition was reversed.

According to plaintiff, he was confined in SHU from August 29, 2018, to February 26, 2019, a total of 181 days. Plaintiff alleges he "suffered tremendously" as a result of being confined in SHU, including lost wages and privileges, mental and emotional anguish, and pain and suffering. (Doc. #23 at ECF 2).

**DISCUSSION**

I.   Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4] First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

---

[4]   Unless otherwise indicated, case quotations omit all internal citations, quotations, footnotes, and alterations.

4

The Court must liberally construe submissions of pro se litigants and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II. Documents Not Considered

A court assessing a Rule 12(b)(6) motion may "consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). Courts also may consider documents deemed "integral" to the complaint, id., and any matters subject to judicial notice. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

To incorporate a document by reference, a complaint "must make a clear, definite and substantial reference to the document[]." DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d 54, 60 (S.D.N.Y. 2010). "Limited quotation of [a] document[] not attached to the complaint does not constitute incorporation by reference." Id.

"To be integral to a complaint, the plaintiff must have (1) actual notice of the extraneous information and (2) relied upon the documents in framing the complaint." DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d at 60. Reliance is essential: the plaintiff's "mere notice or

possession" of a document does not suffice. Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002).

Here, defendants submit the following documents in support of their motion to dismiss: the misbehavior report, a "Notice of Assistance" form, a "Hearing Record Sheet," and a document labeled "Superintendent Hearing Disposition Rendered."[5] (See Doc. #20-2).

For the following reasons, the Court declines to consider these documents at this stage of the proceedings:  First, plaintiff's complaint makes no reference to, much less relies on either the "Notice of Assistance" form or the "Hearing Record Sheet."  Second, although plaintiff makes reference to the misbehavior report and the "Superintendent Hearing Disposition Rendered" document, plaintiff has neither made "a clear, definite and substantial reference to" either document sufficient to incorporate them by reference into the complaint, nor relied upon either document in framing the complaint such that either is integral to the complaint. DeLuca v. AccessIT Grp., Inc., 695 F. Supp. 2d at 60.

III.   Due Process Claims

Defendants argue plaintiff fails to state a claim for violation of his due process rights.

The Court disagrees with respect to Holland and Gutwein but agrees plaintiff fails to plausibly allege Sgt. Ortega deprived plaintiff of due process.

A.   Applicable Law

Procedural due process requires "that a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." Chase Grp. Alliance LLC v. City of N.Y. Dep't of Fin., 620 F.3d 146, 150 (2d Cir. 2010). Thus, to

---

[5]  It is not clear from the defendants' submission that they have submitted full versions of the documents. For instance, the "Notice of Assistance" form is labeled "page 2" but the version submitted is only one page long. Similarly, the "Superintendent Hearing Disposition Rendered" document is labeled as "page 3," but again, the version submitted is only one page long.

establish a violation of due process rights, a plaintiff must show "(1) that he possessed a liberty interest and (2) that the defendant(s) deprived him of that interest as a result of insufficient process." Giano v. Selsky, 238 F.3d 223, 225 (2d Cir. 2001).

As to the first element, "[a] prisoner's liberty interest is implicated by prison discipline, such as SHU confinement, only if the discipline 'imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" Palmer v. Richards, 364 F.3d 60, 64 (2d Cir. 2004) (quoting Sandin v. Conner, 515 U.S. 472, 484 (1995)). Although there is no bright-line rule for establishing when SHU confinement rises to the level of a constitutional violation, courts consider both the duration and the conditions of confinement. See id. "Where the plaintiff was confined [in SHU] for an intermediate duration—between 101 and 305 days— development of a detailed record of the conditions of the confinement relative to ordinary prison conditions is required" to determine whether the conditions of confinement could be deemed atypical or insignificant. Id. at 64–65.[6] "For such a duration of confinement, the fact-finding required by the Second Circuit to determine whether this intermediate sentence constitutes an atypical and significant hardship cannot occur on a motion to dismiss." Koehl v. Bernstein, 2011 WL 2436817, at *7 (S.D.N.Y. June 17, 2011) (collecting cases), report and recommendation adopted, 2011 WL 4390007 (S.D.N.Y. Sept. 21, 2011).

As to the second element, when an inmate's liberty interest is implicated, "[b]ecause prison disciplinary proceedings are not part of a criminal prosecution, . . . the full panoply of rights due a defendant in such proceedings does not apply." Williams v. Menifee, 331 F. App'x

---

[6] Factors considered in assessing the severity of a plaintiff's time in SHU include the psychological effects of prolonged confinement and how the conditions of plaintiff's confinement compared with the confinement of others in the general population of the same facility, which can include consideration of circumstances such as the percentage of the day that prisoners spend within the cell and hygienic conditions. See Colon v. Howard, 215 F.3d 227, 231–32 (2d Cir. 2000); Ortiz v. McBride, 380 F.3d 649, 654–55 (2d Cir. 2004).

7

59, 60 (2d Cir. 2009) (summary order) (quoting Wolff v. McDonnell, 418 U.S. 539, 556, (1974)). The procedural due process afforded a prisoner charged with a violation in a disciplinary proceeding consists of: "advance written notice of the charges against him; a hearing affording him a reasonable opportunity to call witnesses and present documentary evidence; a fair and impartial hearing officer; and a written statement of the disposition, including the evidence relied upon and the reasons for the disciplinary actions taken." Sira v. Morton, 380 F.3d 57, 69 (2d Cir. 2004).

It is well established that prison inmates confined in SHU have a due process right to "substantive assistance" in disciplinary hearings. Eng v. Coughlin, 858 F.2d 889, 898 (2d Cir. 1988). The assistance provided "certainly should include gathering evidence, obtaining documents . . . and interviewing witnesses. At a minimum, an assistant should perform the investigatory tasks which the inmate, were he able, could perform for himself." Id. "When the inmate is disabled, either by being confined full-time to SHU or transferred from the prison in which the incidents occurred, the duty of assistance is greater because the inmate's ability to help himself is reduced." Id. at 897. "The adequacy of inmate assistance is subject to harmless error analysis." Louis v. Ricks, 2002 WL 31051633, at *15 (S.D.N.Y. Sept. 13, 2002).

The Supreme Court has stated that an "inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals." Wolff v. McDonnell, 418 U.S. at 566. However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses." Wolff v. McDonnell, 418 U.S. at 566.

"[S]ome evidence" must support the hearing disposition. Sira v. Morton, 380 F.3d at 69. "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." Gaston v. Coughlin, 249 F.3d 156, 163 (2d Cir. 2001) (quoting Superintendent v. Hill, 472 U.S. 445, 455–56 (1985)).

Further, "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997). "There must be more, such as retaliation against the prisoner for exercising a constitutional right." Id.

B.    Liberty Interest

Here, plaintiff alleges he was kept in SHU for 181 days—an intermediate period of time. See Palmer v. Richards, 364 F.3d at 64. Thus, "a closer consideration of the conditions of confinement and the circumstances is warranted to determine whether even the mostly normal conditions alleged would be considered to impose an atypical and significant hardship." Keyes v. Annucci, 2019 WL 4602240, at *14 (N.D.N.Y. Sept. 23, 2019) (declining to dismiss due process claim where plaintiff alleged 150-day confinement under "normal SHU conditions" such as loss of access to phone, package, and commissary privileges, as well as loss of work privileges). Given the early stage of the case, the Court declines to dismiss plaintiff's due process claims for failure to state a liberty interest.[7]

---

[7]    Although the loss of good time credit can implicate a liberty interest, Wolff v. McDonnell, 418 U.S. at 556–57, here plaintiff's hearing was administratively reversed, which would have restored his good time credit. As such, plaintiff cannot anchor his due process claims to the loss of that time. See Cespedes v. Coughlin, 956 F. Supp. 454, 472–75 (S.D.N.Y. 1997) (collecting cases).

9

C.     Insufficient Process

1.     Tier Hearing Assistant Holland

Plaintiff has adequately alleged Holland's conduct fell below well-established obligations to investigate on plaintiff's behalf.  According to plaintiff, Holland did not interview any of the potential witnesses plaintiff identified and failed to provide many of the documents plaintiff requested before his disciplinary hearing.  Even though an inmate's right to assistance in a disciplinary hearing is "limited," Silva v. Casey, 992 F.2d 20, 22 (2d Cir. 1993), plaintiff plausibly alleges that he did not receive the "substantive assistance" required to be given to an inmate confined in SHU.  Eng v. Coughlin, 858 F.2d 898.  Accordingly, the due process claim against Holland may proceed.

2.     Commission Hearing Officer Gutwein

Similarly, plaintiff plausibly alleges Gutwein did not provide plaintiff with the requested documents and failed to call witnesses who would have testified plaintiff did not in fact assault C.O. Algarin.  See Thomas v. Calero, 824 F. Supp. 2d 488, 502 (S.D.N.Y. 2011) ("[W]e are left without any justification or reason for [the hearing officer's] denial of plaintiff's request for the two additional witnesses. . . .  The [hearing officer] was not required to explain her decision to deny plaintiff's two additional witnesses, but, without more information, defendants cannot justify a Rule 12(b)(6) dismissal for failure to state a claim.").

In addition, Gutwein allegedly failed to provide an alternative hearing assistant after plaintiff told Gutwein about Holland's inadequate assistance.  Given that plaintiff's potential witnesses would have allegedly testified plaintiff was not involved in the attack on C.O. Algarin, these allegations raise a plausible inference that if Gutwein had granted plaintiff a new assistant at the hearing, the outcome of the hearing may have been different.  Cf. Brown v. Venettozzi,

10

2019 WL 4194432, at *6 (S.D.N.Y. Sept. 4, 2019) (applying harmless error analysis to conclude no due process claim against hearing officer when hearing officer denied request for new assistant but plaintiff had not alleged outcome of hearing would have differed with new assistant).

Finally, plaintiff also attacks Gutwein's hearing disposition. Plaintiff alleges "[t]here is 'no evidence' on the record to support a finding of guilt when the officer who was directly involved in the incident testifies that the Plaintiff was not involved." (Doc. #22 at ECF 2). Taking this allegation as true, which the Court must at this stage of the proceedings, plaintiff has plausibly alleged facts to support a claim that the disposition of guilt in the disciplinary proceeding was not based on "some evidence." Sira v. Morton, 380 F.3d at 69.

Accordingly, the due process claim against Gutwein may proceed.

### 3. Sgt. Ortega

Plaintiff has not plausibly alleged Sgt. Ortega's allegedly falsified misbehavior report gives rise to a due process claim because "a prison inmate has no general constitutional right to be free from being falsely accused in a misbehavior report." Boddie v. Schnieder, 105 F.3d at 862. Because the complaint does not allege the falsified misbehavior report was tied to other conduct, such as unlawful retaliation, the allegation respecting the report is insufficient as a matter of law.

Accordingly, the due process claim against Sgt. Ortega must be dismissed.

## IV. Qualified Immunity

Holland and Gutwein both argue they are entitled to qualified immunity.[8]

The Court disagrees.

---

[8] Because plaintiff has not plausibly alleged Ortega violated his constitutional rights, the Court need not address whether Ortega is entitled to qualified immunity.

11

Qualified immunity shields government officials whose conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The scope of qualified immunity is broad, and it protects "all but the plainly incompetent or those who knowingly violate the law." Malley v. Briggs, 475 U.S. 335, 341 (1986). "Defendants bear the burden of establishing qualified immunity." Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015).

"The issues on qualified immunity are: (1) whether plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established; and (3) even if the right was clearly established, whether it was objectively reasonable for the officer to believe the conduct at issue was lawful." Gonzalez v. City of Schenectady, 728 F.3d 149, 154 (2d Cir. 2013). "[U]sually, the defense of qualified immunity cannot support the grant of a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted." Hyman v. Abrams, 630 F. App'x 40, 42 (2d Cir. 2015) (summary order). However, "a district court may grant a Rule 12(b)(6) motion on the ground of qualified immunity if the facts supporting the defense appear on the face of the complaint." Id.

With respect to Holland, plaintiff plausibly states a claim for violation of his clearly established constitutional right to procedural due process with respect to the substantive pre-hearing assistance to which he was entitled. With respect to Gutwein, plaintiff plausibly states a claim regarding his clearly established right to a reasonable opportunity to call witnesses and present documentary evidence at the hearing and to have his hearing disposition be supported by "some evidence."

Moreover, it is not clear from the face of the complaint that Holland's and Gutwein's conduct was objectively reasonable under the circumstances.

Accordingly, the Court finds that a grant of qualified immunity for Holland and Gutwein is not warranted at this time. If appropriate, the qualified immunity argument may be raised at summary judgment.

## CONCLUSION

The motion to dismiss is GRANTED IN PART and DENIED IN PART.

Plaintiff's procedural due process claims against Commission Hearing Officer Gutwein and Tier Hearing Assistant MaryAnn Holland may proceed. Plaintiff's procedural due process claim against Sergeant F. Ortega is dismissed.

Commission Hearing Officer Gutwein and Tier Hearing Assistant MaryAnn Holland shall file an answer to the complaint by September 22, 2020.

By separate Order, the Court will schedule an initial pretrial conference.

The Clerk is instructed to terminate the motion (Doc. #19) and to terminate defendant Sergeant F. Ortega from the docket.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: September 8, 2020
White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge

13